IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DNJ-SS CHILD CARE OF SULPHER SPRINGS LLC D/B/A LITTLE TEXANS LEARNING CENTER | § § § § | |
| *Plaintiff*, | § § | |
| V. | § § | CIVIL ACTION NO. _____ |
| REPUBLIC FRANKLIN INSURANCE COMPANY, | § § § | |
| *Defendant*. | § § | |

## DEFENDANT REPUBLIC FRANKLIN INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Republic Franklin Insurance Company ("Defendant") files this Notice of Removal and respectfully shows the following:

## I.
## BACKGROUND

1.      This is an insurance coverage claim based on alleged property damage to a commercial property located in Sulphur Springs, Texas.

2.      On December 22, 2020, Plaintiff DNJ-SS Child Care of Sulpher Springs LLC d/b/a Little Texans Learning Center ("Plaintiff") filed this lawsuit in Hopkins County, Texas, against Defendant.

3.      Plaintiff emailed a copy of the Petition to Defendant's counsel on April 20, 2021.

4.      Defendant has not yet answered the lawsuit.

5.      Defendant files this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

6.      As required by Local Rule CV-81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit A is an Index of Matters Being Filed. A copy of the Docket Sheet – Case Information Sheet is attached as Exhibit B. All of the filings from state court are attached as Exhibits B-1 through B-11. A list of all Parties, Counsel and Other Information is attached as Exhibit C. A copy of this Notice is also being filed with the state court and served upon Plaintiff.

7.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Hopkins County, Texas, the place where the removed action has been pending.

## II.
## BASIS FOR REMOVAL

8.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.      The Parties Are Diverse**

9.      Plaintiff has pleaded that "Plaintiff is an individual residing in Hopkins County, Texas." *See* Exh. B-1, Pet. at 1, ¶ 2. However, Plaintiff is an LLC. "[T]he citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). Derald Powell and Naci Sigler, who are both citizens of Texas, are Plaintiff's sole members.[1] Accordingly, Plaintiff is a Texas citizen for diversity purposes.

10.     Both at the time the lawsuit was originally filed, and at the time of removal, Defendant was an Ohio corporation with its principal place of business in New York. Accordingly, Defendant is a citizen of the Ohio and New York for diversity purposes. Therefore, complete diversity of citizenship exists.

---

[1] This is based on relevant filings with the Texas Secretary of State.

9316423v3
00435.289

B.     __The Amount in Controversy Exceeds $75,000.00__

11.     This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000. In determining the amount in controversy, the Court may consider, "penalties, statutory damages, and punitive damages." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, 1999 WL 151667, at *2 - 3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code, and Texas Deceptive Trade Practices Act and mental anguish); *Watson v. Provident Life & Acc. Ins. Co.*, 2009 WL 1437823, at *6 (N.D. Tex., May 22, 2009) (reasonable statutory attorney's fees may be included in determining the amount in controversy).

12.     In this case, Plaintiff alleges causes of action for: (1) Breach of Contract, (2) Violations of the Texas Deceptive Trade Practices-Consumer Protection Act, (3) Violation of Chapters 541 and 542 of the Texas Insurance Code, and (4) Breach of the Common Law Duty of Good Faith and Fair Dealing. *See* Exh. B-1, Pet. at 6-11, ¶¶ 24-44. Plaintiff seeks actual damages, attorneys' fees, pre- and post-judgment interest and costs, exemplary damages, and statutory penalty interest. *Id*. at 11-13, ¶¶ 46-55. Additionally, Plaintiff specifically pleaded that it seeks "monetary relief … in excess of $200,000.00 but less than $1,000,000.00/ in excess of $1,000,000.00." *Id*. at 12, ¶ 53. Despite the lack of clarity in this statement,[2] this evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

---

[2] Plaintiff's Civil Case Information Sheet filed in the state court states that the damages sought are "Over $200,000 but not more than $1,000,000," so Defendant think is actually the amount of damages sought. *See* Exh. B-3.

### III.
### <u>REMOVAL IS PROCEDURALLY CORRECT</u>

13.     Plaintiff emailed a copy of the Petition to Defendant's counsel on April 20, 2021. Accordingly, Defendant files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).

14.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

15.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

16.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

17.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed.

### IV.
### <u>CONCLUSION</u>

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal, which are incorporated by reference, Defendant Republic Franklin Insurance Company hereby removes this case to this court for trial and determination.

Respectfully submitted,

*/s/ Daniel P. Buechler*
Daniel P. Buechler
Texas Bar No. 24047756
dbuechler@thompsoncoe.com
Matthew J. Kolodoski,
Texas Bar No. 24081963
mkolodoski@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:     (214) 871-8200
Facsimile:     (214) 871-8209

**COUNSEL FOR DEFENDANT REPUBLIC
FRANKLIN INSURANCE COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on May 14, 2021, a copy of this document was served on all Counsel of Record in accordance with the Federal Rules of Civil Procedure:

James M. McClenny
J. Zachary Moseley
Sean Patterson
MCCLENNY MOSELEY & ASSOCIATES, PLLC
516 Heights Boulevard
Houston, Texas 77007
James@mma-pllc.com
Zach@mma-pllc.com
Sean@mma-pllc.com

ATTORNEYS FOR PLAINTIFF DNJ-SS CHILD
CARE OF SULPHER SPRINGS LLC D/B/A
LITTLE TEXANS LEARNING CENTER

*/s/ Matthew J. Kolodoski*
Matthew J. Kolodoski